UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Roscoe Van Pelt,

Plaintiff,

vs.

Soo Line Railroad Company d/b/a CP Rail System,

Defendant.

Civil No. 00-2409PAM/JGL

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to this stipulation consider certain documents and other information pertinent to this litigation, including but not limited to confidential commercial and financial information, personnel files, salary data, and individual personnel data, to be private to plaintiff, the defendant, and their employees, and some company documents to be confidential under pertinent state and federal laws.

IT IS HEREBY ORDERED, UPON CONSENT OF THE AFOREMENTIONED PARTIES, AS FOLLOWS:

1. That any and all information discovered in the above-captioned case, including documents produced, deposition testimony given, and answers to interrogatories or admissions made, may be designated as confidential by the party producing the document or witness or otherwise responding to a discovery obligation, and will therefore be subject as such to certain restrictions set out herein. Information designated as confidential by the party producing that information shall be subject to the following provisions:

FILED MAY 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. Such documents and information shall be used only for the purposes of this litigation, including but not limited to depositions, preparation for trial, and appeal.

b. Unless otherwise ordered by the Court, such documents and information, including any copies made thereof, shall be treated as confidential and shall not be disclosed by the attorneys or any of their employees or partners to any person, governmental agency, or entity, except to persons assisting the attorneys in connection with this action, including the parties herein, paralegals, secretaries, and witnesses. Persons other than employees, associates and partners of William J. Egan and Associates and Leonard, Street and Deinard, to whom information contained in confidential documents is given or shown, or made available or communicated to, shall agree in writing, prior to such disclosure, to be bound by the terms of this Order. The attorneys for the respective parties to this stipulation and Order shall maintain a file of such written agreements. Documents subject to the protection of this Order may be disclosed to the parties to this stipulation and Order by counsel without the necessity of a written agreement. Counsel need not secure a written agreement from court reporters or witnesses appearing at depositions or providing oral testimony under oath. The parties to this stipulation may from time to time jointly agree to exempt other persons from the requirement of entering into a written agreement. If written agreement to the terms of this Order is required by this paragraph prior to disclosure and is not obtained, such disclosure shall not be made.

c. Subject to further order of this Court, the above-described documents and information, if filed with the Court, shall be placed under seal and shall not be available to persons other than the persons enumerated in paragraph (b) above. In the event that the above-described documents are used in any court proceeding herein, the parties may request the Court to take steps to ensure the materials will not lose their confidential status.

d. Documents shall be designated as confidential by stamping.

2. If any party does not agree to the designation of material as confidential, it may notify the other party and request Court determination. In any court proceeding the party claiming confidentiality has the burden of proof of the alleged confidentiality. Until such time as the Court makes a determination on the issue of confidentiality, the parties shall treat the materials as confidential in accordance with this Order.

3. This Order shall not limit the use of information gained by any party apart from and independent of discovery, nor shall it limit the use of matters of public record except if a party is ordered to either obtain documents from a government agency or to withdraw its objections to having the governmental agency produce the documents, those documents will be treated in accordance with relevant sections of this Order.

4. Within sixty (60) days after the termination of this litigation, all originals and reproductions or documents subject to this Order, with the exceptions of documents containing writings or markings constituting attorney-client privileged communications or attorney work product, shall be returned to the party producing them or the party to whom they belong.

5. This Order is without prejudice to the right of any party to seek from the Court modification of this Order.

6. This Order shall not prevent in any further proceeding herein the offering or receiving into evidence of any deposition testimony, interrogatory and admission answers, or documents produced in the discovery proceedings herein.

**AGREED:**

Dated: May 7, 2001

William J. Egan (#166029)
150 Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
Telephone: (952) 836-2770

**ATTORNEYS FOR PLAINTIFF**

Dated: May 9, 2001

Robert Zeglovitch (#163557)
Susan J. Thompson (#251690)
LEONARD, STREET AND DEINARD
Professional Association
Suite 2300, 150 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

**ATTORNEYS FOR DEFENDANT SOO LINE RAILROAD COMPANY**

**ORDER**

SO ORDERED.

Dated: May 11, 2001

United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.